UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                   CRIMINAL NO. 3:18-CR-228-DPJ-FKB

REGINALD BROWN

ORDER

Defendant Reginald Brown asks the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) to "effect [his] release." Mot. [18] at 1. Brown asserts that the ongoing novel Coronavirus pandemic provides an "extraordinary and compelling reason[]" to justify his release from confinement. 18 U.S.C. § 3582(c)(1)(A). He also asks the Court to appoint him counsel. Mot. [20]. To the extent that the Court has already appointed the office of the Federal Public Defender to represent Brown, the latter motion [20] is granted. But because Brown has not yet exhausted his administrative remedies under § 3582(c)(1)(A), his motion for release [18] is denied without prejudice.

I.    Facts and Procedural History

On November 16, 2018, Brown, then a corrections officer with the Mississippi Department of Corrections, pleaded guilty to depriving another of his right to be free from cruel and unusual punishment while acting under color of state law. On March 1, 2019, the Court sentenced Brown to 60 months' imprisonment, with a self-report date of April 15, 2019.

Brown is currently housed in the low-security facility at the Federal Correctional Institution at Oakdale, Louisiana (FCI Oakdale I), a facility that has experienced an outbreak of

COVID-19 cases.[1]  According to the Bureau of Prisons (BOP) website, Brown's projected release date is July 18, 2023.

II.   Analysis

The threshold issue is whether the Court has authority to consider Brown's motion.  He invokes 18 U.S.C. § 3582(c)(1)(A)(i), which states:

> The court *may not* modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

(Emphasis added).  Brown does not contend that he exhausted as contemplated by the statute.[2] *See* Reply [24] at 8 (asking the Court to "waive these administrative exhaustion requirements").

Despite that shortcoming, Brown says "[t]he Court can waive the 30-day requirement for exhaustion of administrative remedies due to the high risk that Mr. Brown could become infected with COVID-19."  *Id.*  In making that argument, Brown abandons the statutory text and overlooks relevant Supreme Court precedent.

The Court's analysis of the statutory exhaustion requirement "begins with the text."  *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016).  As noted, § 3582(c)(1) states that "the court may not"

---

[1] As of June 10, 2020, FCI Oakdale I reports that one inmate and 10 staff members have active cases of COVID-19.  Seven inmates there have succumbed to the virus, while 182 inmates and 10 staff members have recovered from it.

[2] When the Court discusses § 3582(c)'s exhaustion requirement, it refers to either of the two alternatives provided by the statute:  complete exhaustion of denial of a request that BOP file a motion on the inmate's behalf *or* the expiration of 30 days from that request with no response from BOP.

modify Brown's sentence until he exhausts his remedies.  Nothing in § 3582(c) grants authority to waive this requirement.

For the most part, Brown's legal authority does not say otherwise.  According to him, "courts throughout the country have continued to waive the administrative exhaustion requirements under the First Step Act, where circumstances warrant."  Reply [24] at 9.  With one exception noted below, Brown supports that contention with cases where the inmates sought sentence modifications under different First Step Act provisions through petitions filed under 28 U.S.C. § 2241.  *See Gurzi v. Marques*, No. 18-CV-3104-NEB-KMM, 2019 WL 6481212, at *2 (D. Minn. Oct. 10, 2019); *Washington v. Bur. of Prisons*, No. 1:19-CV-01066, 2019 WL 6255786, at *2 (N.D. Ohio July 3, 2019).  Significantly though, the exhaustion requirements for § 2241 are judicially created.  *See Mayberry v. Pettiford*, 74 F. App'x 299, 299 (5th Cir. 2003) (noting that exhaustion under § 2241 is a judicially created mandate); *see also Leuth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007) (explaining that the exhaustion requirement under 2241 is "judicially created, not jurisdictional").

When—as here—Congress requires exhaustion, the obligations become mandatory.  The United States Supreme Court explained why in *Ross v. Blake*, while examining the statutory exhaustion requirements under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).  136 S. Ct. at 1855.[3]  Although the PLRA itself requires exhaustion, the Fourth Circuit Court of Appeals concluded that when "special circumstances" exist, district courts have authority to waive those exhaustion requirements.  *Id*.  The Supreme Court disagreed:

> No doubt, judge-made exhaustion doctrines, even if flatly stated at first, remain amenable to judge-made exceptions.  *See McKart v. United States*, 395 U.S. 185,

---

[3] Section 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

3

>193, 89 S. Ct. 1657, 23 L. Ed. 2d 194 (1969) ("The doctrine of exhaustion of administrative remedies . . . is, like most judicial doctrines, subject to numerous exceptions"). But a statutory exhaustion provision stands on a different footing. There, Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to. For that reason, mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion.

*Id.* at 1857. As for the Fourth Circuit's special-circumstances test, the Supreme Court held that "the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.' And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account." *Id.* at 1856.

The same is true here. Like the PLRA, § 3582(c)(1)(A) is a statutory exhaustion requirement that offers no discretion for judge-made exceptions. Instead, the statute states that the Court "may not" modify Brown's sentence until he satisfies the statutory requirements for filing suit. *See Valentine v. Collier*, 956 F.3d 797, 804 (5th Cir. 2020) (holding that the PLRA's "exhaustion obligation is mandatory—there are no 'futility or other [judicially created] exceptions [to the] statutory exhaustion requirements'") (quoting *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)). When a mandatory exhaustion rule like this exists, the Court "must enforce the rule if a party 'properly raise[s]' it." *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1849 (2019). In this case, the Government raised Brown's failure to exhaust.[4]

On a final note, the Court shares Brown's concern for inmate safety. That said, courts from across the country have concluded that they lack authority to waive exhaustion under § 3582(c)(1) even when faced with COVID-19 outbreaks. *See, e.g.*, *United States v. Alam*, No.

---

[4] Some courts have held that waiver is beside the point because § 3582(c)(1) is jurisdictional. *See, e.g.*, *United States v. Black*, No. 2:12-CR-263-3, 2020 WL 2213892, at *2 (S.D. Ohio May 7, 2020) ("The exhaustion requirement contained in § 3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic.") (collecting cases). Whether that is true is debatable but irrelevant in the present case because the Government has not waived exhaustion.

20-1298, 2020 WL 2845694, at *3 (6th Cir. June 2, 2020) (quoting § 3582(c)(1)(A)'s "court may not" language and finding the provision "operates as an 'unyielding procedural requirement[]'" (quoting *United States v. Dowl*, 956 F.3d 904, 908 (6th Cir. 2020))); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (noting that failure to exhaust "presents a glaring roadblock foreclosing compassionate release at this point"); *United States v. Howell*, No. 1:17-CR-35, 2020 WL 3063920, at *1 n.1 (W.D.N.C. June 9, 2020) ("[T]he Defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court." (citing *Ross*, 136 S. Ct. at 1857)); *United States v. Arciero*, No. 13-1036-SOM, 2020 WL 3037073, at *3 (D. Haw. June 5, 2020) ("[C]ompassionate relief motions are allowed only 'after' exhaustion."); *United States v. Hernandez*, No. 13-CR-4467, 2020 WL 3051105, at *5 (S.D. Cal. June 5, 2020) ("[T]he Ninth Circuit, this Court and other sister courts within the Ninth Circuit, have concluded that the Court has no authority to consider Defendant's motion until the exhaustion criteria of § 3582(c)(1)(A) is met."); *United States v. Rodriguez-Begerano*, No. 8:12-CR-558-T-33AEP, 2020 WL 30000737, at *2 (M.D. Fla. June 4, 2020) ("The Court . . . finds that the administrative exhaustion requirement may not be waived."); *United States v. Roney*, No. 10-CR-130S, 2020 WL 2846946, at *2 (W.D.N.Y. June 2, 2020) ("The statutory exhaustion requirement is mandatory and 'must be strictly enforced.'" (quoting *United States v. Monzon*, 99-CR-157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020))); *United States v. Pack*, No. 2:17-CR-20002-10, 2020 WL 2174447, at *2 (W.D. Tenn. May 5, 2020) (concluding that because defendant did not exhaust, "[t]he Court does not have authority to consider [his] Motion" under § 3582(c)); *United States v. Roberts*, No. 15-135-01, 2020 WL 2130999, at *2 (W.D. La. May 5, 2020) ("Section 3[58]2(c)(1)(A) does not provide this Court with the equitable authority to excuse Roberts' failure to exhaust his administrative remedies or to waive the 30-day

waiting period."); *United States v. Brown*, No. 04-CR-143-DRH, 2020 WL 2128861, at *3 (E.D.N.Y. May 5, 2020) ("While the current health emergency warrants consideration of compassionate release requests in an expedited manner, Section 3582 does not allow for the waiver of exhaustion due to exigent circumstances."); *United States v. Gomez*, No. 2:18-CR-1435-1, 2020 WL 2061537, at *1 (S.D. Tex. Apr. 29, 2020) (observing that "[c]ourts in the Southern District of Texas have ruled that defendants who move for compassionate release still need to exhaust administrative rights . . . in order to bring a motion pursuant to 18 U.S.C. § 3582(c)(1)(A)" (collecting cases)); *United States v. Nevers*, No. 16-088, 2020 WL 1974254, at *2 (E.D. La. Apr. 24, 2020) ("Because the Court cannot consider Petitioner's request for instant release or home confinement until she has complied with the exhaustion requirements of § 3582(c)(1)(A), the Court must deny the instant motion for failure to comply with the mandatory exhaustion requirements under § 3582(c)(1)(A)."). Brown must comply with § 3582(c)(1)(A).[5]

---

[5] Brown does cite one case that bucks the trend. *See* Reply [24] at 10 (citing *United States v. Kelly*, No. 3:13-CR-59-CWR-LRA, 2020 WL 2104241 (S.D. Miss. May 1, 2020)). The undersigned respectfully disagrees with that holding and follows the majority position that exhaustion is required. *Kelly* rightfully acknowledges the *Ross* holding that PLRA exhaustion requirements are mandatory. 2020 WL 2104241, at *4. It then distinguishes that holding as applied to § 3582(c)(1)(A), arguing that the statute is "not [as] strict" as the PLRA because it "allows a prisoner to fully *bypass* the exhaustion requirement" by waiting 30 days from the warden's receipt of the request. *Id.* Thus, "Section 3582(c)(1)(A)'s exhaustion requirement is not mandatory but rather one of two options available to a defendant seeking compassionate release." *Id.* With deference, that construction does not account for words "may not." A court "may not reduce a term of imprisonment" unless the inmate first makes a request to the warden and either appeals an adverse ruling or receives no response within 30 days. 18 U.S.C. § 3582(c)(1)(A). That the inmate may proceed after making a request and waiting 30 days does not mean the request and the wait were never mandated. Indeed the 30-day waiting period is a statutory futility exception much like the one in the PLRA. As *Ross* notes, the PLRA "contains its own, textual exception to mandatory exhaustion" making judge-made exceptions improper. 136 S. Ct. at 1858. Section 1997e(a) states that inmates must exhaust "available remedies." Accordingly, inmates "must exhaust available remedies, but need not exhaust unavailable ones." *Ross*, 136 S. Ct. at 1858. At bottom, § 3582(c)(1)(A) provides two textual exceptions to the dictate that courts "may not reduce a term of imprisonment," neither of which have occurred. 18 U.S.C. § 3582(c)(1)(A). The statute provides no basis for creating exceptions.

III.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Brown's Motion for Appointment of Counsel [20] is granted, but his Emergency Motion to Effect Early Release [18] is denied without prejudice. Brown may re-file his motion once he achieves one of the two avenues for exhaustion under § 3582(c)(1)(A).

**SO ORDERED AND ADJUDGED** this the 15th day of June, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE