UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                        CRIMINAL NO. 3:18-CR-228-DPJ-FKB

REGINALD BROWN

ORDER

Defendant Reginald Brown asks the Court to reconsider its previous denial of his motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  Because he has not shown

extraordinary and compelling reasons justifying a sentence modification, Brown's motion [26] is

denied.

I.       Facts and Procedural History

On November 16, 2018, Brown, then a corrections officer with the Mississippi

Department of Corrections, pleaded guilty to depriving another of his right to be free from cruel

and unusual punishment while acting under state law.  On March 2, 2019, the Court sentenced

Brown to a 60-month term of incarceration, with a self-report date of April 15, 2019.

Brown is currently housed in the low-security facility at the Federal Correctional

Institution at Oakdale, Louisiana (FCI Oakdale I).  While FCI Oakdale I had an early outbreak of

COVID-19 cases, as of September 22, 2020, the facility reports that 13 staff members and zero

inmates have active cases of the virus.[1]  According to the Bureau of Prisons (BOP) website,

Brown, a 29-year-old Black male, is scheduled to be released on July 18, 2023.

---

[1] Also as of September 22, 2020, seven FCI Oakdale I inmates and zero staff members have died from COVID-19, and 212 inmates and 21 staff members have recovered from the virus.  At the medium security facility on the same campus as FCI Oakdale I, zero inmates and nine staff members have active cases of the virus, one inmate and zero staff members have died from COVID-19, and nine inmates and six staff members have recovered from the infection.

II.     Analysis

Compassionate-release motions arise under 18 U.S.C. § 3582(c)(1)(A)(i), which

provides:

> The court may not modify a term of imprisonment once it has been imposed
> except that . . . the court, upon motion of the Director of the Bureau of Prisons, or
> upon motion of the defendant after the defendant has fully exhausted all
> administrative rights to appeal a failure of the Bureau of Prisons to bring a motion
> on the defendant's behalf or the lapse of 30 days from the receipt of such a
> request by the warden of the defendant's facility, whichever is earlier, may reduce
> the term of imprisonment (and may impose a term of probation or supervised
> release with or without conditions that does not exceed the unserved portion of
> the original term of imprisonment), after considering the factors set forth in
> section 3553(a) to the extent that they are applicable, if it finds that . . .
> extraordinary and compelling reasons warrant such a reduction . . . and that such a
> reduction is consistent with applicable policy statements issued by the Sentencing
> Commission . . . .

The parties still disagree as to whether Brown has exhausted as required by the statute.  But even

if he has, the Court concludes that "considering the factors set forth in [§] 3553(a)," no

"extraordinary and compelling reasons warrant" a reduction in Brown's sentence, "consistent

with applicable policy statements issued by the Sentencing Commission."  18 U.S.C.

§ 3582(c)(1)(A)(i).

In a slightly different context, the Supreme Court found the Sentencing Commission's

applicable policy statements binding on district courts.  *See Dillon v. United States*, 560 U.S.

817, 830 (2010) (considering § 3582(c)(2), which permits a sentence reduction where the

applicable guideline range has been lowered "if such a reduction is consistent with applicable

policy statements issued by the Sentencing Commission").  But the question is whether there is

presently an applicable policy statement because "[t]he Sentencing Commission has not issued a

relevant policy statement since 18 U.S.C. § 3582(c)(1)(A) was amended to permit defendants to

file motions for compassionate release" on their own behalves.  *United States v. Woods*, No.

1:17-CR-118-LG-JCG, 2020 WL 3452984, at *2 (S.D. Miss. June 24, 2020).

2

Many courts continue to follow the prior policy statement, United States Sentencing Guideline § 1B1.13, but some do not. *Compare id.* (citing *United States v. York*, Nos. 3:11-CR-76, 3:12-CR-145, 2019 WL 3241166, at *4 (E.D. Tenn. July 18, 2019) (holding that "courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction)), *with United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019) (concluding after amendment of § 3582(c)(1)(A) that "the Director's prior 'interpretation of "extraordinary and compelling" reasons is informative,' but not dispositive" (quoting *United States v. Adams*, No. 6:94-CR-302, 2019 WL 3751745, at *3 (M.D.N.C. Aug. 8, 2019))).

The Fifth Circuit recently affirmed the denial of a compassionate-release motion in a case in which the district court "cite[d] to and quote[d] § 1B1.13." *United States v. Gonzalez*, No. 19-50305, 2020 WL 5352078, at *1 (5th Cir. Sept. 4, 2020). It found no error where "the order's reference to the Guidelines [c]ould fairly be read as one step in the district court's own determination of whether extraordinary and compelling reasons warrant a reduction of [the defendant's] sentence." *Id.* Like the district court in *Gonzalez*, this Court will continue to consider § 1B1.13 as part of its analysis of whether extraordinary and compelling reasons support a sentence modification. *See Woods*, 2020 WL 3452984, at *2 ("Regardless of whether the policy statement remains binding, it continues to provide helpful guidance for determining whether a defendant is entitled to compassionate release.").

Section 1B1.13 "essentially reiterates the requirements of § 3582(c)(1)(A), with the additional requirement that a defendant 'not be a danger to the safety of any other person or to the community.'" *United States v. Dunlap*, No. 1:02-CR-165, 2020 WL 2062311, at *1 (M.D.N.C. Apr. 29, 2020) (quoting U.S.S.G. § 1B1.13(2)). The application notes to § 1B1.13

provide examples of extraordinary and compelling reasons to grant a compassionate release.

Application Note 1 states:

> Provided the defendant [is not a danger to the safety of any other person or to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>> (A) Medical Condition of the Defendant --
>>
>>> (i) The defendant is suffering from a terminal illness[.]
>>>
>>> (ii) The defendant is [suffering from a health condition] that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>>
>> (B)  Age of the Defendant -- The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>>
>> (C)  Family Circumstances --
>>
>>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>>
>>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>>
>> (D)  Other reasons -- As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, Application Note 1.

Brown does not contend that his situation is extraordinary or compelling under subsections (A), (B), or (C) of the application note.  Instead, he contends that the COVID-19 outbreak itself, and the earlier high rate of infection at FCI Oakdale I, qualify him for release. Reply [28] at 3.  Citing *United States v. Kelly*, he argues that this district "has agreed" that the spread of COVID-19 at FCI Oakdale I "is enough to warrant an inmate's release."  *Id.*; *see Kelly*, No. 3:13-CR-59-CWR-LRA, 2020 WL 2104241 (S.D. Miss. May 1, 2020).  But the facts here

are quite different than those presented in *Kelly*.  The defendant there had less than three weeks remaining on his sentence at the time Judge Reeves granted his compassionate-release motion and, at the time, FCI Oakdale I was in the middle of its COVID-19 outbreak.  Since Judge Reeves ruled in *Kelly*, FCI Oakdale I has seen no additional inmate or staff member deaths from the virus, and it now has zero active COVID-19 cases among its inmate population.  Moreover, unlike the defendant in *Kelly*, Brown is not on the cusp of release; with a July 18, 2023 projected release date, Brown has more than 33 months remaining on his 60-month sentence.  *Kelly* is thus distinguishable.

So what's left is Brown's general concern about contracting COVID-19.  The Court agrees with other courts that have considered similar arguments and concluded that "[g]eneral concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence."  *United States v. Koons*, No. 16-214-05, 2020 WL 1940570, at *5 (W.D. La. Apr. 21, 2020).  Were such concerns sufficient, every federal prisoner would be entitled to a sentence reduction under § 3582(c)(1)(A).  Brown has not demonstrated the presence of extraordinary and compelling reasons to justify a sentence modification.

III.    Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Brown's Motion for Reconsideration [26] is denied.

**SO ORDERED AND ADJUDGED** this the 25th day of September, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE